**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| JERRY A. SMITH,<br><br>Plaintiff,<br><br>v.<br><br>MGM PROPERTY MANAGEMENT LLC *et al.*,<br><br>Defendants. | ) | Case No. 2:25-cv-531-GSL-AZ |

**FINDINGS, REPORT, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE PURSUANT TO 28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on Defendants' Motion to Dismiss [DE 32], filed by Defendants MGM Property Management, Kevin Morse, and Lakenya Dow on April 24, 2026.[1] Pro se Plaintiff Jerry A. Smith filed a response, and Defendants filed a reply. DE 36, 40. The presiding District Court Judge referred the motion to dismiss to me for a Report and Recommendation. DE 53.

This Report constitutes the Court's proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). For the following reasons, the Court **RECOMMENDS** that District Court Judge Gretchen S. Lund **GRANT** Defendants' Motion to Dismiss.

[1] For the purposes of this Report and Recommendation, the Court will refer to MGM, Morse, and Dow as "the Defendants," but there is a fourth Defendant, Sonya Scott Dix, who did not join in the Motion to Dismiss. Dix was served with the Second Amended Complaint, *see* DE 25, but has never appeared or responded to the complaint.

## Background

On November 20, 2025, Plaintiff filed his original complaint and sought to proceed *in forma pauperis*. DE 1, 3. The presiding district court judge denied his *in forma pauperis* application and dismissed the complaint in a screening order pursuant to 28 U.S.C. § 1915. DE 5. Plaintiff then filed an amended complaint ("the First Amended Complaint"), which the presiding district court judge dismissed pursuant to § 1915 for failure to state viable claims. DE 6, 16. Plaintiff then paid the filing fee and filed another amended complaint ("the Second Amended Complaint"). DE 13, 18-20, 21. Because Plaintiff no longer sought to proceed *in forma pauperis*, the presiding district court judge did not screen the Second Amended Complaint. Instead, Defendants filed the present Motion to Dismiss. DE 32.

On the same day Plaintiff filed the Second Amended Complaint, he also filed a "Memorandum in Support of Complaint" elaborating on the complaint's allegations. DE 22. As a threshold matter, the Court construes the Memorandum in Support of Complaint as part of the Second Amended Complaint. The Local Rules require that amended pleadings "must reproduce the entire pleading as amended" and "must not incorporate another pleading by reference." N.D. Ind. L.R. 15-1(b). Nevertheless, "[t]he court may, on its own motion or at the request of a party, suspend or modify any rule in a particular case in the interest of justice." N.D. Ind. L.R. 1-1(b). Defendants' Motion to Dismiss treats the Memorandum in Support of Complaint as a part of the Second Amended Complaint, thus the Court doing the same does not prejudice Defendants. In light of Plaintiff's pro se status and the fact that the Court

would recommend dismissal of all claims with or without the Memorandum, the Court will suspend Local Rule 15-1(b) for purposes of the present motion and consider the Memorandum to be part of the Second Amended Complaint.

The Second Amended Complaint alleges the following, which the Court accepts as true for purposes of the present motion: Defendant MGM is a property management company that maintains the apartment building where Plaintiff lives. Defendants Dow and Morse are MGM's employees. As a tenant, Plaintiff has suffered dangerous conditions in his apartment, including lack of heat, plumbing failures, a broken window, and a broken exterior lock. Despite his complaints, Defendants allowed the conditions to persist for months. Additionally, Plaintiff worked for Defendant MGM as a vendor doing maintenance and repair work. Defendants failed to pay him for completed work and made him clean up blood without protective equipment. Other workers, such as George Myles and Terrance Winters, also went unpaid or observed dangerous conditions.

After Plaintiff complained about unpaid wages and unsafe conditions, MGM's eviction lawyer Defendant Sonya Scott Dix fraudulently pretended to negotiate a settlement with Plaintiff when her true purpose was to gather information about his legal strategy. Plaintiff filed claims in state court, after which Defendants fired him in retaliation. They also fired Plaintiff's supervisor Sabrina Hilley in retaliation and to deter Hilley from serving as a witness in the state court lawsuit. DE 21 at 1-4, DE 22 at 3-18.

Plaintiff brings federal claims under 42 U.S.C. § 3617 of the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*; the Occupational Safety and Health Act (OSHA), 29 U.S.C. § 651 *et seq.*; and 42 U.S.C. § 1985(2). Plaintiff also brings state law claims for unpaid wages, breach of the warranty of habitability, and fraud. Plaintiff seeks compensatory damages, punitive damages, injunctive and declaratory relief, and attorney's fees and costs. He brings the case as a putative class action.

**Legal Standard**

Rule 12(b)(6) allows a party to move to dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint will survive a Rule 12(b)(6) motion if it contains allegations that "state a claim to relief that is plausible on its face." *Alarm Detection Sys., Inc. v. Vill. of Schaumburg*, 930 F.3d 812, 821 (7th Cir. 2019) (citations omitted). The complaint's factual allegations must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, the plaintiffs must allege "only enough facts" to "nudge[ ] their claims across the line from conceivable to plausible." *Id.* at 570. The Court must "accept all well-pleaded allegations of fact as true and draw all reasonable inferences in the plaintiffs' favor." *Alarm Detection Sys.*, 930 F.3d at 821.

Pro se complaints are "to be liberally construed," and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quotation marks and citations omitted). Nevertheless, "[*p*]*ro se* plaintiffs' allegations must still

plausibly establish the elements of each cause of action." *Davis v. Target Metal Blanking*, 2026 WL 1998802, at *2 (N.D. Ill. July 10, 2026).

**Discussion**

Defendants argue that the Fair Housing Act claim should be dismissed because Smith's alleged protected activity does not fall within 42 U.S.C. § 3617 and the alleged adverse action relates to a relationship outside the scope of the Act. DE 33 at 4. Defendants also argue that the OSHA claim should be dismissed because OSHA does not give a private cause of action and Plaintiff was not MGM's employee. *Id.* at 6-7. Additionally, Defendants argue that all claims brought on behalf of others should be dismissed for lack of Article III standing because Plaintiff himself did not suffer harm. *Id.* at 8-9. Defendants also argue that the state law claims should be dismissed because the Court lacks supplemental jurisdiction over them. *Id.* at 10. Finally, Defendants argue that Defendants Morse and Dow should be dismissed because as agents of MGM they cannot be held personally liable, and the attorney misconduct claim against Defendant Dix should be dismissed as to Defendants MGM, Morse, and Dow. *Id.* at 10-12.

Plaintiff responds that he has sufficiently alleged Fair Housing Act violations and the Court should retain supplemental jurisdiction over the state law claims. DE 36 at 4. Plaintiff also argues that Defendants should be judicially estopped from contesting jurisdiction because they already conceded jurisdiction in the parties' Rule 26(f) report. *Id.* at 1. Additionally, Plaintiff argues that Defendant Dow can be held personally liable because she acted outside the scope of lawful company authority. *Id.*

at 3. Finally, Plaintiff clarifies that he does not bring claims on others' behalf but rather included their allegations simply to demonstrate Defendants' pattern and practice of wage theft. *Id.* at 3-4. Plaintiff does not respond to Defendants' argument about the OSHA claim or Defendant Morse's personal liability.

The Court will address the federal claims first and then turn to the state law claims.

**I. Federal claims**

The Second Amended Complaint alleges violations of OSHA, the Fair Housing Act, and 42 U.S.C. § 1985(2), but these claims must be dismissed under Rule 12(b)(6) for failure to state a claim.

**a. OSHA**

The OSHA claim must be dismissed because OSHA does not provide a private right of action. *See Sereda v. Nomad Freight Inc.*, No. 24 CV 6664, 2025 WL 641235, at *3 (N.D. Ill. Feb. 27, 2025), *aff'd*, No. 25-1485, 2026 WL 511138 (7th Cir. Feb. 24, 2026); *Johnson v. Interstate Mgmt. Co.*, 849 F.3d 1093, 1096 (D.C. Cir. 2017) (explaining that after an employee makes an OSHA complaint to the Secretary of Labor, it is the Secretary of Labor who has the right to bring suit).

Besides bringing a standalone OSHA claim, Plaintiff also attempts to use OSHA violations to support a negligence per se claim. However, OSHA cannot "be used to expand or otherwise affect [a defendant's] common law duties or liabilities under a negligence per se theory." *Jeffords v. BP Prods. N. Am. Inc.*, 963 F.3d 658,

664 (7th Cir. 2020) (citation omitted). Thus, Plaintiff's OSHA claims must be dismissed.

Because OSHA does not provide a private cause of action, the Court does not need to consider Defendants' additional arguments supporting dismissal of the OSHA claims.

**b. Fair Housing Act**

Plaintiff alleges that when he complained about unpaid wages and unsafe conditions and filed a lawsuit in state court, Defendants fired him in retaliation, violating the Fair Housing Act's retaliation provision, 42 U.S.C. § 3617.

The Court finds that Plaintiff has failed to state a Fair Housing Act claim. Section 3617 states, "It shall be unlawful to coerce, intimidate, threaten, or interfere with any person . . . on account of his having exercised . . . any right granted or protected by section 3603, 3604, 3605, or 3606 of this title." Sections 3603 through 3606 prohibit discrimination based on race, color, religion, sex, familial status, national origin, or handicap in the selling or renting of housing, offering of loans or appraisals for real estate, and provision of real estate brokerage services. 42 U.S.C. §§ 3603-3606. To prevail on a retaliation claim, a plaintiff must ultimately prove that: "(1) she engaged in protected activity; (2) she suffered an adverse action; and (3) there was a causal connection between the two." *Wetzel v. Glen St. Andrew Living Community, LLC*, 901 F.3d 856, 868 (7th Cir. 2018).

Filing a lawsuit for backpay and unsafe living conditions is not a right protected by §§ 3603, 3604, 3605, or 3606. Those provisions protect the right to buy

or rent housing, and enjoy that housing once it is acquired, without being discriminated against based on race, color, religion, sex, familial status, national origin, or handicap. Here, Plaintiff has not alleged that he was discriminated against based on one of those protected categories. The state court lawsuit allegedly relates to unpaid wages and habitability, not discrimination. Thus, Plaintiff fails to state a retaliation claim under § 3617.

Plaintiff argues that under *Wetzel v. Glen St. Andrew Living Community, LLC*, landlords have an affirmative duty to address habitability complaints. 901 F.3d 856 (7th Cir. 2018); DE 36 at 4. However, in *Wetzel*, the plaintiff had clearly alleged discrimination based on sex, so her § 3617 retaliation claim survived because it related to one of the protected categories in § 3604. *Wetzel*, 901 F.3d at 859, 862, 867-68. In contrast, Plaintiff here has not alleged discrimination based on a protected category. His Fair Housing Act claim must therefore be dismissed.

**c. Claims brought on behalf of others**

Defendant argues that Plaintiff's attempt to bring claims on behalf of George Myles, Terrance Winters, and Sabrina Hilley fail because Plaintiff lacks Article III standing. Plaintiff responds that he does not bring claims on their behalf, but instead includes their experiences in the Second Amended Complaint to establish Defendants' pattern and practice of wage theft, unsafe working conditions, and retaliation. DE 36 at 3-4.

Although the Second Amended Complaint seeks damages for George Myles and Terrance Winters, that request presumably relates to the putative class. *See* DE

21-1 at 1-13 (attaching to the Second Amended Complaint "class action petitioner information forms" signed by George Myles and Terrance Winters). The Court takes Plaintiff at his word that he is not trying to bring claims on behalf of George Myles, Terrance Winters, or Sabrina Hilley. If Plaintiff did try to bring such claims, Defendants are correct that he would lack standing. To have standing under Article III of the U.S. Constitution, a plaintiff must show: (1) an injury in fact; (2) causation; and (3) redressability. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The injury in fact must "affect the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 331 (2016). Thus, Plaintiff would not be able to bring claims based on an injury to George Myles or anyone else.

**d. Witness intimidation claim**

Defendants argue that any witness intimidation claim under 42 U.S.C. § 1985(2) must fail because Defendants have not intimidated any witnesses from testifying and the claim is frivolous. DE 33 at 9. Plaintiff does not respond to Defendants' argument, but his Memorandum in Support of Complaint asserts that Defendants fired Sabrina Hilley, which sent the message to Plaintiff's witnesses that cooperating with Plaintiff would result in adverse consequences. DE 22 at 16. Plaintiff also asserts that Defendants attempted to deprive Plaintiff of Hilley's testimony by intimidating her. *Id.* Plaintiff's Second Amended Complaint includes

attached text messages indicating that Hilley was fired as a direct result of Plaintiff's state court lawsuit. DE 21-2 at 14-15.

Plaintiff has failed to state a claim under 42 U.S.C. § 1985(2). Section 1985(2) consists of two clauses. The first clause prohibits conspiracies to deter witnesses from testifying in federal courts, and the second prohibits conspiracies to obstruct "the due course of justice" in state proceedings. § 1985(2). Plaintiff has not alleged a claim under either clause.

To prevail on a claim under the first clause of § 1985(2), a plaintiff must ultimately prove four elements: "(1) a conspiracy by the defendants; (2) to injure a party or witness in his or her person or property; (3) because he or she attended federal court or testified in any matter pending in federal court; (4) resulting in injury or damages to the plaintiff." *Wright v. Ill. Dep't of Child. & Fam. Servs.*, 40 F.3d 1492, 1507 (7th Cir. 1994). Plaintiff filed this federal lawsuit in November 2025, after he filed the state court lawsuit and Hilley was fired in October. DE 1, 21-1 at 15. Plaintiff cannot prove that Defendants fired Hilley to deter her from testifying in a federal lawsuit that did not yet exist.

Instead, Plaintiff's theory is that Defendants fired Hilley to deter her and other witnesses from testifying in the state court lawsuit. In other words, Plaintiff is trying to bring a claim under the second clause of § 1985(2). However, under the second clause of § 1985(2), to state a claim a plaintiff "must allege class-based animus," such as a race-based discriminatory animus. *Kowalski v. Boliker*, 893 F.3d 987, 1001 (7th Cir. 2018); *see also Wright*, 40 F.3d at 1507 ("[A] plaintiff must allege class-based

animus to state a claim for denial of access to state courts . . . ."); *Williams v. St. Joseph Hospital*, 629 F.2d 448, 451 (7th Cir. 1980) ("The language [in the second clause of § 1985(2)] requiring intent to deprive of equal protection . . . means that there must be some racial, or perhaps otherwise class-based, invidiously discriminating animus behind the conspirators' action.") (citation omitted). Plaintiff has not alleged any class-based animus, such as race- or sex-based discriminatory animus. His witness intimidation claim under § 1985(2) must therefore be dismissed for failure to state a claim.

**II. State law claims**

All state law claims, which include claims against Defendant Dix, should be dismissed. The parties agree that this Court's subject matter jurisdiction is based on federal question jurisdiction, not diversity jurisdiction. Accordingly, Plaintiff seeks to bring the state law claims pursuant to supplemental jurisdiction under 28 U.S.C. § 1367. Section 1367(c) states, "The district courts may decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). Since all federal claims over which the Court had original jurisdiction should be dismissed, the Court recommends against exercising supplemental jurisdiction over the state law claims.

Further, Defendants argue that exercising supplemental jurisdiction over the state law claims would be a waste of judicial resources because Plaintiff's state court case, Cause No. 45D04-2510-PL-000598 in Lake County Superior Court, contains the exact same state law claims. DE 33 at 10. Plaintiff responds that Defendants

conceded jurisdiction in the parties' Rule 26(f) report and should be judicially estopped from arguing the Court lacks jurisdiction.

The Court finds that exercising supplemental jurisdiction over the state law claims while those claims are simultaneously litigated in state court would waste judicial resources and undermine federalism principles. There is simply no need for a federal court to adjudicate Plaintiff's state law claims in these circumstances. Further, the Court must ensure for itself that its jurisdiction is sound, regardless of any party's representations in the Rule 26(f) report. Finally, Defendants' Rule 26(f) report did not waive any argument as to supplemental jurisdiction. The report simply acknowledged that federal question jurisdiction existed because Plaintiff sought to bring claims under federal statutes, and that Plaintiff sought to bring state law claims pursuant to supplemental jurisdiction. DE 34 at 1. Now that the Court has recommended dismissal of the federal claims, it is appropriate to decline supplemental jurisdiction over the state law claims.

Since the Court has recommended dismissal of all claims, it need not reach the issue of Defendants Morse and Dow's personal liability.

In sum, the Court recommends that all federal claims be dismissed under Rule 12(b)(6) for failure to state a claim, and that all state law claims be dismissed under Rule 12(b)(1) for lack of jurisdiction.

The state law claims should be dismissed without prejudice because they are being litigated in state court. Ordinarily, the federal claims would also be dismissed without prejudice to give Plaintiff an opportunity to amend the complaint. However,

in this case the presiding district court judge already dismissed the First Amended Complaint and gave Plaintiff an opportunity to file an amended complaint. The Second Amended Complaint made the same futile Fair Housing Act and OSHA claims as the First Amended Complaint. The Court therefore recommends that the federal claims be dismissed with prejudice because any amendment would result in unnecessary delay and would be futile.

## Conclusion

For the reasons discussed, the Court **RECOMMENDS** that District Court Judge Gretchen S. Lund **GRANT** Defendants' Motion to Dismiss [DE 32].

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. Failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); *United States v. Cox*, 54 F.4th 502, 513 (7th Cir. 2022); *Davis v. Kayira*, 938 F.3d 910, 916 (7th Cir. 2019).

So ORDERED this 20th day of August, 2026.

/s/ *Abizer Zanzi*
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT

cc: Plaintiff Jerry A. Smith (U.S. Mail)